**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| EDGAR TIEDEMANN,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF UTAH et al.,<br><br>          Defendants. | **ORDER**<br><br>Case No. 2:07-CV-907 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul Warner |

Plaintiff, Edgar Tiedemann, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (2008). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. § 1915 (2008). This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B) the Court is required to dismiss any claims in a complaint filed *in forma pauperis* which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. 1915(e)(2)(B) (West 2009). A claim is considered frivolous if "it lacks an arguable

basis in either law or fact," or if it is premised on an "indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 325-27, 109 S. Ct. 1827, 1831-33 (1989).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

For screening purposes the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  Moreover, when reviewing complaints filed by pro se litigants the Court must construe the pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Id.*  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  While a plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*

## II.  Sufficiency of Plaintiff's Complaint

Although filed as a civil rights suit under § 1983, Plaintiff's Complaint appears more akin to a habeas corpus petition challenging Plaintiff's conviction on various grounds. The Complaint asserts that Defendants, Midvale City and West Valley City police detectives, interrogated Plaintiff without informing him of his *Miranda* rights and later destroyed potentially exculpatory evidence.  Although the Complaint seeks only money damages the clear import of Plaintiff's allegations is that he was wrongly convicted.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that "habeas corpus is the *exclusive* remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck,* 512 U.S. at 480-82 (emphasis added).  Under *Heck*, claims for damages or release from confinement based on unconstitutional conviction are not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated through proper channels.  *Id.* at 487.  Specifically, before filing such a civil rights suit the plaintiff must "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

3

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

Although the specific facts surrounding Plaintiff's claims are far from clear, it is obvious that the relief sought in his Complaint cannot be granted without undermining the validity of his conviction, sentence, or confinement, as prohibited under *Heck*. Plaintiff's Complaint implicitly seeks a determination that various aspects of his criminal prosecution and conviction were unconstitutional. Because Plaintiff's claims are inextricably linked to the validity of his conviction and confinement, they are not cognizable under § 1983 absent a showing that Plaintiff's conviction or confinement have previously been invalidated through proper channels.

Plaintiff clearly cannot make such a showing at this time because his direct appeals are still pending in the Utah Court of Appeals.[1] Moreover, Plaintiff cannot bring a habeas corpus petition in this court until he has fully exhausted his appeals in the state courts. Thus, the Court concludes that Plaintiff's

---

[1] According to the Utah Court of Appeals, Plaintiff's direct appeal from his conviction has not yet been fully briefed. Moreover, even assuming Plaintiff receives an unfavorable ruling in that court he would still have recourse to the Utah Supreme Court.

claims are precluded under *Heck* and Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted.

### III. Appointment of Counsel

Plaintiff has filed a motion for appointed counsel to represent him in this case.  Based on the nature of Plaintiff's pleadings and his assertion that he is unable to adequately represent himself due to a mental disability the Court concludes that pro bono counsel should be appointed to represent Plaintiff. The Court notes that since filing the present case Plaintiff has also filed thirteen additional civil rights suits.  The following is a list of Plaintiff's cases currently pending in this Court:[2]

| Case Number | Case Name | Filed |
|---|---|---|
| 2:07-cv-907-TC-PMW | Tiedemann v. Stinson et al | 11/30/07 |
| 2:08-cv-39-DAK-PMW | Tiedemann v. Utah State Hospital | 1/14/08 |
| 2:08-cv-84-TC-PMW | Tiedemann v. Edwards et al | 1/30/08 |
| 2:08-cv-401-TC-DN | Tiedemann v. State of Utah et al | 5/16/08 |
| 2:08-cv-423-DAK-BW | Tiedemann v. State of Utah et al | 5/28/08 |
| 2:08-cv-508-DB-DN | Tiedemann v. Edwards et al | 7/2/08 |
| 2:08-cv-546-JTG-PMW | Tiedemann v. Fisher et al | 7/17/08 |
| 2:08-cv-552-TS-SA | Tiedemann v. State of Utah et al | 7/18/08 |

---

[2] One of Plaintiff's cases was previously dismissed for failure to comply with IFP requirements, while three additional cases have been submitted by Plaintiff recently and are currently awaiting *in forma pauperis* review before being filed.

| 2:08-cv-855-DB | Tiedemann v. Jenny Service Co. | 11/6/08 |
| 2:08-cv-882-CW-SA | Tiedemann v. Garner et al | 11/4/08 |
| 2:09-cv-17-DB-SA | Tiedeman v. Utah Dept. of Corr. | 1/9/09 |

From a review of these cases it appears that all but two of them allege similar, if not identical, claims to those presented here.[3]  Based on the similarity of these cases it appears likely that they can be consolidated into one or more cases for efficient handling.  Thus, after entering an appearance on each of the cases identified above, Plaintiff's counsel shall review each of them to determine whether they allege any viable claims and, if so, whether they can be consolidated into the present case.[4]  If any viable claims are identified Plaintiff's counsel shall file a motion to consolidate, along with a proposed amended complaint.  Plaintiff's counsel shall also file a motion to voluntarily dismiss any of the Complaints which cannot be amended to state viable claims.

Plaintiff will be notified immediately once counsel has

[3]  Case no. 2:08-cv-855-DB appears to allege a product liability claim, while case no. 2:09-cv-17-DB-SA asserts a legal access claim against the prison.

[4]  Plaintiff's counsel will have to evaluate whether all of Plaintiff's claims are currently barred under *Heck* or whether certain claims can be amended so as not to call into question the validity of Plaintiff's conviction or confinement.

entered an appearance on Plaintiff's behalf.  Plaintiff is
instructed not to file any additional cases or pleadings with the
court without the assistance of counsel.  Effective immediately,
all documents submitted to the Court by Plaintiff, as well as the
three unfiled complaints which have recently been submitted and
are still awaiting processing, will be forwarded to Plaintiff's
counsel for appropriate handling.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is dismissed for failure to state a claim on which relief can be granted;

(2) the Clerk of Court shall identify pro bono counsel to represent Plaintiff before this court;

(3) Plaintiff's counsel shall enter an appearance in each of the cases listed above within thirty days; and,

(4) Plaintiff's counsel shall file a motion to consolidate, motion to dismiss, and/or motion to amend in each of Plaintiff's cases within ninety days.

Dated this 26th day of January, 2009.

BY THE COURT:

_Tena Campbell_

_____
TENA CAMPBELL, Chief Judge
United States District Court

8